UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD G. KIRBY**,

    Plaintiff,

    v.                                     NO. CIV 04-844  DJS/ACT

**DALLAS COUNTY ADULT PROBATION DEPT.,**
*et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendants Lubbock County District Attorney and Assistant District Attorney Cameron Cowan's Motion to Dismiss filed September 15, 2004 (Docket No. 64). Briefing on that motion was completed on December 6, 2004. By that motion, Defendants Lubbock County District Attorney and Assistant District Attorney Cameron Cowan ("Defendants") seek dismissal of the claims asserted against them in Plaintiff's First Amended Complaint (Docket No. 2) on the grounds of Eleventh Amendment immunity, lack of personal jurisdiction, lack of personal service, and prosecutorial immunity.[1] The parties have consented pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned conducting any and all proceedings in this case, including the entry of a final judgment.

---

[1] Defendants assume, without admitting, sufficient service in their reply. The Court will entertain the same assumption.

1

Plaintiff appears in this action *pro se*. Because he is proceeding *pro se*, this Court must review his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). This rule means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff can prevail, it should do so despite his failure to cite proper legal authority, his confusion of various legal theories, or his unfamiliarity with pleading requirements. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Nonetheless, the Court should not assume the role of advocate for the *pro se* litigant. Id. By his complaint and other pleadings in this case, Plaintiff seeks an injunction against various Defendants to compel the restoration of his liberty and to provide him freedom from retaliation. He asserts that the Defendants to this action, constituting some forty-six public entities, public officials, private citizens, and banks, have illegally restricted his business activities and assets as well as his business interests. Plaintiff also asserts claims pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988.

With respect to these Defendants, Plaintiff asserts that they continued to prosecute him after the alleged victim of the crime signed an affidavit stating that he would not testify against Plaintiff. Amended Complaint, p. 24, ¶85. Plaintiff also asserts that Defendant Cowan, an assistant district attorney, conspired with another Defendant, Arnold Chavez, to provide false information regarding Plaintiff and thereby obtained an increased bond in a criminal matter against him. Amended Complaint, p. 28, ¶105. Plaintiff also asserts that Cowan conspired with other Defendants to cause him to be incarcerated without bond, resulting in him missing other court dates and causing "a cascade of bond forfeitures". Amended Complaint, p. 30-31, ¶115. Plaintiff asserts that this action was taken despite Defendants' knowledge that he was not a flight risk. Apart from his claims regarding Defendant Cowan, Plaintiff makes no assertions against the Lubbock County District Attorney and does not name him or her personally.

In his prayer for relief, Plaintiff seeks compensatory damages and an injunction styled to protect his right to be free of malicious prosecutorial actions and "free from the threat of incarceration pending a final outcome of a case that would subject Complainant to incarceration". Plaintiff is, in fact, currently incarcerated. See Docket No. 175, Notice of Change of Address to Torrance County Detention Center.

To the extent that Plaintiff seeks to avoid further incarceration or remove himself from prison, a writ of *habeas corpus* obtained pursuant to 28 U.S.C. §2254 or 28 U.S.C. §2241 is his sole route to relief. Heck v. Humphrey, 512 U.S. 477, 481 (1994). "*[H]abeas corpus* relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain future releases." Preisser v. Rodriguez, 411 U.S. 475, 487 (1973). To the extent that Plaintiff seeks such relief against these Defendants, his claims will be denied and their motion to dismiss granted.

"[W]hen a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Heck, 512 U.S. at 487. Plaintiff's claims that Defendant Cowan subjected him to malicious prosecution by conspiring with other Defendants and providing false information resulting in an increase in the bond required of Plaintiff would not require demonstrating the invalidity of any outstanding criminal judgment, and thus the doctrine announced in Heck does not serve as a bar to

those claims. The claims nonetheless fail.

In <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976), the Supreme Court held that a prosecutor is absolutely immune from a §1983 suit for damages based on his "initiating a prosecution and ... presenting the State's case." <u>Imbler</u>, 424 U.S. at 431. More specifically, a prosecutor is absolutely immune from liability under §1983 for damages based on information that is contained in an arrest warrant or the documentation supporting a warrant unless the prosecutor actually "attested to the truth of those facts." <u>Scott v. Hern</u>, 216 F.3d 897, 909 (10th Cir.2000). This rule is derived from the Supreme Court's decision in <u>Kalina v. Fletcher</u>, 522 U.S. 118 (1997), where the Court held that a prosecutor "stepped outside the role of prosecutor and into the role of complaining witness when she attested to the truth of those facts [supporting a warrant]." <u>Scott</u>, 216 F.3d at 909. Here, Plaintiff asserts that the prosecutor, Defendant Cowan, filed criminal complaints, obtained warrants for his arrest, and obtained an increase in the amount of bond required for Plaintiff's release. He does not allege, nor do the facts show, that Defendant Cowan "stepped outside the role of prosecutor". <u>Cf. Scott</u>, 216 F.3d at 909 (Assistant county attorney never stepped outside of prosecutorial role in assisting physician in preparation of affidavit submitted in support of involuntary civil commitment petition, allegedly failing to fully investigate mental status of subject of petition, relying on medical records she knew or should have known were illegally obtained, and seeking to suppress evidence of political conflict between physician and subject). Further, Plaintiff's assertion that his prosecution was continued following his securing an affidavit recanting the claims of the complaining witness and that witness' subsequent death does not show an act which extends beyond the bounds of

prosecutorial immunity.[2] Consequently, Defendants' motion to dismiss must be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's claims against Defendants Lubbock County District Attorney and Assistant District Attorney Cameron Cowan are dismissed.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Apparently, the criminal complaint against Plaintiff was subsequently dismissed upon the District Attorney's motion, which asserted that Plaintiff is deceased, which assertion by Defendant Cowan Plaintiff both contests and called to the Court's attention. See Plaintiff's Notice to the Court and All Parties filed January 21, 2005 (Docket No. 188)