UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD G. KIRBY**,

    Plaintiff,

    v.                                                                                      **NO. CIV 04-844  DJS/ACT**

**DALLAS COUNTY ADULT PROBATION DEPT.,**
*et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court upon Defendant Tom Laws' Motion to Dismiss filed October 25, 2004 (Docket No. 114). A Notice of Completion of Briefing on that motion was filed on November 19, 2004 (Docket No. 153) and an Amended Notice of Completion of Briefing was filed on December 6, 2004 (Docket No. 164). By that motion, Defendant Laws seeks dismissal of the claims asserted against them in Plaintiff's First Amended Complaint (Docket No. 2) pursuant to Fed.R.Civ.P. 12(b)(6) on the basis of lack of standing and witness immunity. The parties have consented pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned conducting any and all proceedings in this case, including the entry of a final judgment.

    Plaintiff appears in this action *pro se*. Because he is proceeding *pro se*, this Court must review his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). This rule means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff can prevail, it should do so

1

despite his failure to cite proper legal authority, his confusion of various legal theories, or his unfamiliarity with pleading requirements. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Nonetheless, the Court should not assume the role of advocate for the *pro se* litigant. Id.

By his complaint and other pleadings in this case, Plaintiff seeks an injunction against various Defendants to compel the restoration of his liberty and to provide him freedom from retaliation. He asserts that the Defendants to this action, constituting some forty-six public entities, public officials, private citizens, and banks, have illegally restricted his business activities and assets as well as his business interests. Plaintiff also asserts claims pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988.

With respect to Defendant Law, Plaintiff asserts that Defendant Law perjured himself in order to obtain Plantiff's conviction of fraud by check. Amended Complaint, p. 22, ¶81. Plaintiff further asserts that Defendant Laws failed to respond to subpoenas requiring him to produce documents both ad deposition and at trial.

As an initial note, in his Amended Notice of Completion of Briefing, Defendant Laws asserts that Plaintiff failed to timely respond to his motion to dismiss and requests that the Court grant the motion on that basis. D.N.M.LR-Civ. 7.1(b) states that failure to respond to a motion within the time prescribed for doing so constitutes consent to grant the motion. Nonetheless, the Tenth Circuit Court of Appeals has held that trial courts may not rely upon such local rules to grant judgment for a party, but rather must examine the merits of an unopposed summary judgment motion. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir.2002). The rationale expressed in Reed should apply equally to motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Accordingly, the Court must examine the merits of the motion.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond

2

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U. S. 41, 45-46 (1957). Moreover, in passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U. S. 232, 236 (1974). "It is well-established, however, that in determining whether to grant a motion to dismiss, the district court...[ is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." Jojola v. Chavez, 55 F. 3d 488, 494 (10th Cir. 1995) (citing Doyle v. Oklahoma Bar Ass'n, 998 F. 2d 1559, 1566 (10th Cir. 1993) (in reviewing an order granting a motion to dismiss, a court of appeals "confin[ es] [its] review to the allegations of the complaint")).

Here Plaintiff seeks to impose §1983 liability against a person who is not a state actor and who is subject to immune from liability for his role as a witness. As pointed out by Defendant, in In Briscoe v. LaHue, 460 U.S. 325 (1983) the Supreme Court held that police officers are absolutely immune from liability under 42 U.S.C. §1983 for testifying falsely at trial. Although the statements were made in the courtroom, the Court stated that they would receive absolute immunity for all statements that are "relevant to the judicial proceeding." 460 U.S. at 331-32. Defendant Laws is likewise immune from §1983 liability for his testimony. Further, to the extent that Plaintiff contends that Defendant Laws conspired with Defendant prosecutors to produce such testimony, immunity still attaches to Laws' alleged actions. Hunt v. Bennett, 17 F.3d 1263, 1267-68 (10th Cir. 1994).

In his response to the motion to dismiss, Plaintiff asserts that one of the elements of claimed injury and for which he seeks relief is abuse of process. Plaintiff further contends that Defendant Laws is required to produce a document to substantiate his testimony at trial, which he was also required to produce then. This Court disagrees. The court conducting the criminal proceeding was responsible

for enforcing the subpoenas regarding documents. To the extent any such failure resulted in an injury to Plaintiff, that injury is solely expressed by his criminal conviction. In order to pursue an action for damages, Plaintiff would first have to show that his conviction was rendered infirm on that basis, an action which can only be taken pursuant to a criminal appeal or *habeas* proceedings. Only once he has shown that his conviction has been overturned may Plaintiff seek damages pursuant to §1983. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Regardless of any such showing, Mr. Laws is immune from liability for his action in testifying at Petitioner's trial. Hunt, 17 F.3d 1267.

**IT IS THEREFORE ORDERED** that Defendant Tom Laws' Motion to dismiss is granted and Plaintiff's claims against him are dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**