UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**RICHARD G. KIRBY**,

     Plaintiff,

     v.                                 **NO. CIV 04-844  DJS/ACT**

**DALLAS COUNTY ADULT PROBATION DEPT.,**
*et al.*,

     Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon the Motion to Dismiss (Docket No.13) filed September 9, 2004 by Defendants First New Mexico Bank of Silver City, d/b/a Copper Country Escrow, Martha Stuart, John and Jane Does of First New Mexico Bank of Silver City and Frederick H. Sherman, Esq. ("Defendants"). The parties have consented  pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned conducting any and all proceedings in this case, including the entry of a final judgment. Defendants move to dismiss the claims against them pursuant to Fed.R.Civ.P. 12(b)(6).

By his complaint and other pleadings in this case, Plaintiff seeks an injunction against various Defendants to compel the restoration of his liberty and to provide him freedom from retaliation. He asserts that the Defendants to this action, constituting some forty-six public entities, public officials, private citizens, and banks, have illegally restricted his business activities and assets as well as his

1

business interests. Plaintiff also asserts claims pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988.

With respect to these Defendants, Plaintiff contends that Defendant First New Mexico Bank of Silver City revealed the contends of an escrow between Gulf Equities Trust and Continental Exchange Trust without written authorization of the person establishing the escrow. Complaint, p. 39-40, ¶143. Plaintiff further contends that Defendant Martha Stuart copied the escrow documents and furnished them to the New Mexico Securities Division without Plaintiff's permission or being subject to a subpoena. Complaint, p. 41, ¶144. Plaintiff repeats that allegation with respect to Defendants Jane and John Doe. Id. at ¶145. Plaintiff contends that Defendant Sherman "is responsible to seek 'justice' uphold the canons of professional legal practice and ethics". Complaint, p. 43, ¶154. Plaintiff further contends that Defendant Sherman is "responsible to perform equitable services for all of his clients and the court." Id.

### STANDARD OF LAW

"[ A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U. S. 41, 45-46 (1957). Moreover, in passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U. S. 232, 236 (1974). In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the Court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party. Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir.1998). Dismissal of a complaint pursuant to Rule 12(b)(6) will be upheld only if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46

2

(1957). Further, under Rule 12(b)(6),  the Court has broad discretion in determining whether to consider materials outside of the pleadings, and if it chooses to consider such material, it must treat a motion to dismiss as a motion for summary judgment. See Lowe v. Town of Fairland, 143 F.3d 1378, 1381 (10th Cir.1998).

Plaintiff appears in this action *pro se*. Because he is proceeding *pro se*, this Court must review his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). This rule means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff can prevail, it should do so despite his failure to cite proper legal authority, his confusion of various legal theories, or his unfamiliarity with pleading requirements. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Nonetheless, the Court should not assume the role of advocate for the *pro se* litigant. Id.

**DISCUSSION**

Defendants Defendant First New Mexico Bank of Silver City, Martha Stuart, and John and Jane Does assert that Plaintiff sought to intervene in a declaratory judgment action entitled First New Mexico Bank of Silver City, d/b/a Copper Country Escrow v. Gulf Equities Trust and Continental Exchange Trust, No. D-608-CV-2002-00211 filed in the Sixth Judicial District, Grant County, of New Mexico. Defendant submitted documents from that action, which include a motion to intervene filed by Petitioner and an Order entered on November 25, 2002 dismissing the motion to intervene. Judgment was entered in the matter on April 8, 2003. Defendants further assert that the only records they provided were subpoenaed by a Grand Jury and subject to a search warrant.

Defendants provided copies of those documents. Defendants argue that Plaintiff is without standing or individual rights to the escrow documents and contend that this matter was decided by the New Mexico court's ruling on his motion to intervene and thus is *res judicata*. In his response

3

to the motion to dismiss, Plaintiff argues that discovery will reveal that he is an escrow party as an individual and that Defendant First New Mexico Bank of Silver City violated its statutory duties to him.

To the extent that Plaintiff contends that Defendants owed him an individual duty with regard to the trust, the Court agrees that this action is subject to dismissal against these Defendants pursuant to the doctrine of *res judicata*. *Res judicata* doctrine encompasses two distinct barriers to repeat litigation: claim preclusion and issue preclusion. Lake Res. LLC v. U.S. Dep't of Agric., 378 F.3d 1132, 1135-36 (10th Cir.2004) (citations omitted). A final judgment on the merits of an action precludes a party from relitigating issues that were or could have been raised in that action. Id. at 1135 (citing Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1520 (10th Cir.1990). "[I]ssue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." Id. Given the determination of the New Mexico court that Plaintiff lacked standing with regard to the escrow issue, Plaintiff may not now relitigate this claim. Further, Plaintiff fails to state any federal law or Constitutional claim against these Defendants.

Plaintiff also fails to state a claim against Defendant Frederick H. Sherman. Plaintiff does not state the injury he alleges to have suffered at the hands of Defendant Sherman and his general assertion of Sherman's professional obligations do not constitute the basis of a claim. Further, to the extent Plaintiff seeks damages pursuant to 42 U.S.C. §1983, Plaintiff has not established that Sherman is a state actor nor has he alleged the constitutional right which Sherman has violated. Defendants submitted an affidavit by Defendant Sherman in support of their motion to dismiss in which he states that he was the attorney of the First New Mexico Bank of Silver City during the litigation discussed

4

above. However, that fact does not lead to liability against him under the allegations in the complaint.

**IT IS THEREFORE ORDERED** that  the Motion to Dismiss by Defendants First New Mexico Bank of Silver City, d/b/a Copper Country Escrow, Martha Stuart, John and Jane Does of First New Mexico Bank of Silver City and Frederick H. Sherman, Esq. is granted and Plaintiff's claims against them are dismissed with prejudice for failure to state a claim.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**