UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD G. KIRBY**,

    Plaintiff,

    v.                **NO. CIV 04-844  DJS/ACT**

**DALLAS COUNTY ADULT PROBATION DEPT.,**
*et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon the Motion to Dismiss of Defendants Kansas Securities Division, Gary Fulton, Scott Schultz and Steve Howe (Docket No. 63). Briefing on the motion is complete. (Docket Nos. 137, 161). By that motion, Defendants Kansas Securities Division, Gary Fulton, Scott Schultz and Steve Howe ("Defendants") seek dismissal of the claims asserted against them in Plaintiff's First Amended Complaint (Docket No. 2) on the grounds of Eleventh Amendment immunity, failure to effectuate service of process, prosecutorial immunity and qualified immunity.[1] The parties have consented pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned conducting any and all proceedings in this case, including the entry of a final judgment.

By his complaint and other pleadings in this case, Plaintiff seeks an injunction against various Defendants to compel the restoration of his liberty and to provide him freedom from

---

[1] Defendants assume, without admitting, sufficient service in their reply. The Court will entertain the same assumption.

retaliation. He asserts that all the Defendants to this action, constituting some forty-six public entities, public officials, private citizens, and banks, have illegally restricted his business activities and assets as well as his business interests. Plaintiff also asserts claims pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988.

Plaintiff identifies the Kansas Securities Division as an entity responsible for upholding and executing securities law, customs, policies and practices for that state. Amended Complaint (Docket No. 2) ¶137. Plaintiff asserts that Gary Fulton in an investigator for the Kansas Securities Division and Scott Schultz is a supervisor and counsel to the Division. Id. at ¶¶138, 139. Plaintiff asserts that Defendant Steve How is an Assistant District Attorney for the District Attorney's Office of Johnson County, Kansas. Id. at 140.

With respect to these Defendants, Plaintiff asserts that they were aware that he was exempt from state registration but attempted to circumvent that exemption. Amended Complaint (Docket No. 2) ¶77. He further asserts that Defendants intentionally manipulated investigations and investigative reports to conceal the truth and conspired with the New Mexico State Police to charge him with a false crime and seize his property without a warrant. Id. at ¶¶79, 96. Plaintiff goes on to allege that Defendants conspired to commit a sting operation against Plaintiff and present false information to attempt to get a federal indictment against him. Id. at ¶¶97, 98, 99. In addition, Plaintiff contends that Defendants conspired with other Defendants to obtain warrants to incarcerate him without bond for traveling, even though Plaintiff had court permission to travel. Id. at ¶114.

**STANDARD OF LAW**

In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true. *Liebson v. New Mexico Corrections Dep't*, 73 F.3d 274, 275 (10th Cir. 1996). The inquiry for the court is "whether the complaint contains 'enough facts to state a claim to relief

2

that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

Plaintiff appears in this action *pro se*. Because he is proceeding *pro se*, this Court must review his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). This rule means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff can prevail, it should do so despite his failure to cite proper legal authority, his confusion of various legal theories, or his unfamiliarity with pleading requirements. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Nonetheless, the Court should not assume the role of advocate for the *pro se* litigant. Id.

**ANALYSIS**

In his prayer for relief, Plaintiff seeks compensatory damages and an injunction styled to protect his right to be free of malicious prosecutorial actions and "free from the threat of incarceration pending a final outcome of a case that would subject Complainant to incarceration". Plaintiff is, in fact, currently incarcerated. See Docket No. 278, Notice of Change of Address to Lea County Correctional Facility.

To the extent that Plaintiff seeks to avoid further incarceration or remove himself from prison, a writ of *habeas corpus* obtained pursuant to 28 U.S.C. §2254 or 28 U.S.C. §2241 is his sole route to relief. Heck v. Humphrey, 512 U.S. 477, 481 (1994). "*[H]abeas corpus* relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain future releases." Preisser v. Rodriguez, 411 U.S. 475, 487 (1973). To the

extent that Plaintiff seeks such relief against these Defendants by virtue of his assertions that they made false statements against him, his claims will be denied and their motion to dismiss granted. Consequently, the claims against Defendants Kansas Securities Division, Gary Fulton, Scott Schultz must be dismissed.

"[W]hen a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Heck, 512 U.S. at 487. If he succeeded in his claims that Defendants Fulton and Schultz made false claims against him, the judgment obtained by Plaintiff would imply the invalidity of some of his convictions and thus is barred under the doctrine set forth in Heck, *supra*.

In contrast, Plaintiff's claims that Defendant Steve Howe conspired and provided false information resulting in Plaintiff being held without bond would not require demonstrating the invalidity of any outstanding criminal judgment, and thus the doctrine announced in Heck does not serve as a bar to those claims. The claims nonetheless fail as Defendant Howe is entitled to prosecutorial immunity. In Imbler v. Pachtman, 424 U.S. 409 (1976), the Supreme Court held that a prosecutor is absolutely immune from a §1983 suit for damages based on his "initiating a prosecution and ... presenting the State's case." Imbler, 424 U.S. at 431. More specifically, a prosecutor is absolutely immune from liability under §1983 for damages based on information that is contained in an arrest warrant or the documentation supporting a warrant unless the prosecutor actually "attested to the truth of those facts." Scott v. Hern, 216 F.3d 897, 909 (10th Cir.2000). This

4

rule is derived from the Supreme Court's decision in <u>Kalina v. Fletcher</u>, 522 U.S. 118 (1997), where the Court held that a prosecutor "stepped outside the role of prosecutor and into the role of complaining witness when she attested to the truth of those facts [supporting a warrant]." <u>Scott</u>, 216 F.3d at 909.

Here, Plaintiff asserts that the prosecutor, Defendant Howe, conspired to obtain warrants to incarcerate Plaintiff without bond for going out of the relevant court's jurisdiction despite Plaintiff having permission to travel. These allegations do not show that Defendant Howe "stepped outside the role of prosecutor". <u>Cf.</u> <u>Scott</u>, 216 F.3d at 909 (Assistant county attorney never stepped outside of prosecutorial role in assisting physician in preparation of affidavit submitted in support of involuntary civil commitment petition, allegedly failing to fully investigate mental status of subject of petition, relying on medical records she knew or should have known were illegally obtained, and seeking to suppress evidence of political conflict between physician and subject).

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Docket No. 63) is granted and Plaintiff's claims against of Defendants Kansas Securities Division, Gary Fulton, Scott Schultz and Steve Howe are dismissed.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**