IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD KIRBY,**

      **Plaintiff,**

**vs.**                                             **No. CIV 04-0844 DJS/ACT**

**DALLAS COUNTY ADULT PROBATION
DEPARTMENT**, **et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants Mayor Bill Mattice, J.D. Jones and Ricky Madrid's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Standing **[Doc. No. 18]**. Defendants move the Court to dismiss Plaintiff's Amended Complaint against them on the basis of standing and lack of subject matter jurisdiction. Having reviewed the motion, the memoranda in support and in opposition, and the relevant law, the Court finds that the motion is well taken and will be **GRANTED**.

### I.  Factual Background

In his seventy-two (72) page First Amended Complaint in Equity, Plaintiff brings claims against forty-six defendants pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988. Plaintiff asserts all defendants "have been highly successful in restricting the Complainant's business activities, his assets, cash flow and business interests." Compl. at 10. As to Defendants Ricky Madrid, J.D. Jones and Bill Mattiace, Plaintiff alleges as follows:

> The Las Cruces Police Department Defendants Detective Ricky Madrid and
> Investigator J.D. Jones, refused to press charges against Mr. Mattiace for the bomb

>threat after investigations revealed the threat was true and denied the police report every (sic) existed or was investigated.

Compl. at 23.

In his response to Defendants' motion to dismiss, Plaintiff alleges J.D. Jones initiated judicial proceeding against him individually and jointly with James Maes.  Mr. Maes is employed by the New Mexico Securities Division.  According to Plaintiff, Mr. Jones brought several charges against him.  Plaintiff was tried and found guilty of one count of fraud by check.  Then Las Cruces Police Officer Moreno "attempted to extort money" from him for a check that was not used and "before notice."  Pl.'s Resp. at 2.  It appears the check was written to Mr. Mattiace or his business, Adventure Travel.  Mr. Mattiace went to Plaintiff's office and threatened to bomb the office.  Detective Madrid investigated this incident and informed Plaintiff that since Mr. Mattiace had turned over the checks to a collection agency, Mr. Mattiace could not prosecute.  Plaintiff did not hear anything about the checks until the October 2001 grand jury indictment.

Plaintiff contends Mr. Mattiace, a city councilman, "usurped his public position by sending an officer to threaten him if he did not pay the check plus $50.  Feeling frightened, Plaintiff called the collection agency and was informed the amount in question was for $366.50.  Plaintiff bought a cashier's check on January 8, 2000, and faxed a copy of the check to Adventure Travel to calm Mr. Mattiace until Plaintiff could determine whether he owed this amount.

On January 10, 2000, the Las Cruces police went to Plaintiff's business to investigate the reported incident.  Later that day, Detective Madrid called Plaintiff and asked him to go the police station for an interview.  Plaintiff complied and reported to the police station where Detective Madrid conducted and taped the interview.  During the interview, Plaintiff informed Detective Madrid that the reason the checks had been returned was due to Tom Laws, the company

accountant, making two unauthorized withdrawals. Plaintiff also gave Detective Madrid copies of the cashiers check in the amount of $366.50. At the conclusion of the interview, Detective Madrid told Plaintiff he would talk with Mr. Mattiace about the incident.

The following day, Detective Madrid called Plaintiff and told him he could cancel the cashier's check because the ticket had not been used and since Mr. Mattiace had sent the checks to the collection agency, Plaintiff could not be prosecuted. Moreover, Detective Madrid informed Plaintiff that he had directed Mr. Mattiace not to call Plaintiff or go to Plaintiff's place of business. Detective Madrid also informed Plaintiff his case was closed. Plaintiff asserts he never heard another word from either the collection agency or Mr. Mattiace.

## II.  Standard of Review

In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true. *Liebson v. New Mexico Corrections Dep't*, 73 F.3d 274, 275 (10th Cir. 1996). The inquiry for the court is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

Because Plaintiff is proceeding *pro se*, the Court construes his pleadings and filings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir.2003). Thus, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various

legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "it is not the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

### III.  Discussion

Plaintiff enumerates the following "improper acts" Mr. Mattiace allegedly committed: (1) using a police officer to attempt to collect money by intimidation; (2) making harassing telephone calls; (3) threatening to bomb a public building; (4) suppressing the January 10, 2000 interview tapes of Plaintiff; (5) lack of investigative report documenting that Detective Madrid called Mr. Mattiace; and (6) lack of police report disposing of the case. Generally, Plaintiff alleges Mr. Mattiace used his public image and influence to have the police documentation destroyed. It appears Plaintiff is alleging a conspiracy between Mr. Mattiace, Detective Madrid and Mr. Jones.

"To state a valid cause of action under § 1983, a plaintiff must allege the deprivation by defendant of a right, privilege, or immunity secured by the Constitution and laws of the United States while the defendant was acting under color of state law." *Doe v. Bagan*, 41 F.3d 571, 573-74 (10th Cir.1994) (quotation omitted).

Plaintiff failed to show how Mr. Mattice's "improper acts" amount to state action. Mr. Mattiace apparently owns Adventure Travel and was acting in this capacity when he attempted to collect money he determined Plaintiff owed him. Merely because he was a city councilman does not convert actions taken in his role as a private business owner into state action. Private conduct, no matter how atrocious, cannot ground § 1983 liability against a state entity. *Darr v. Town of Telluride, Colo.*, 495 F.3d 1243, 1256 (10th Cir.2007).

4

Based on the facts presented in Plaintiff's response to the motion and Plaintiff's complaint allegations, the Court concludes he has failed to state a valid cause of action under §1983 against Mr. Mattiace.

Plaintiff's allegation of conspiracy under §1985(3) also fails to state a claim because that provision applies only to conspiracies motivated by some class-based invidiously discriminatory bias. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir.1993). Plaintiff alleged no such discriminatory animus.

Section 1986 states:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injure, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C. §1986. Plaintiff has presented no facts to sustain an action under §1986.

Additionally, *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), precludes Plaintiff's §1983 action Defendants. Under *Heck*,

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim of damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.

512 U.S. at 486-88, 114 S.Ct. 2364 (emphasis in original)(internal citation and footnote omitted).

Plaintiff, who is presently incarcerated, has presented no evidence showing that his felony

conviction for fraud by worthless check has been reversed, otherwise set aside, or overturned. Accordingly, Plaintiff's claims against Defendants must be dismissed.

Based on the foregoing, the Court will grant Defendants' motion to dismiss.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendants Mayor Bill Mattiace, J.D. Jones and Ricky Madrid's Motion to Dismiss is **GRANTED.**

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**