## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**RICHARD G. KIRBY**,

     Plaintiff,

     v.                             **NO. CIV 04-844  DJS/ACT**

**DALLAS COUNTY ADULT PROBATION DEPT.,**
***et al.***,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court upon the Defendants Grant County Detention Center and John and Jane Doe's Motion to Dismiss  (Docket No. 81). Briefing on the motion is complete. (Docket Nos. 135, 146). By that motion, Defendants Defendants Grant County Detention Center and John and Jane Doe ("Defendants") seek dismissal of the claims asserted against them in Plaintiff's First Amended Complaint (Docket No. 2) pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that the complaint fails to state claim upon which relief can be granted and qualified immunity. The parties have consented  pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned conducting any and all proceedings in this case, including the entry of a final judgment.

By his complaint and other pleadings in this case, Plaintiff seeks an injunction against various Defendants to compel the restoration of his liberty and to provide him freedom from retaliation. He asserts that all the Defendants to this action, constituting some forty-six public entities, public officials, private citizens, and banks, have illegally restricted his business activities

1

and assets as well as his business interests. Plaintiff also asserts claims pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988.

Plaintiff identifies the Grant County Detention Center and John and Jane Does of the Detention Center as having conspired with Defendant Arnold Chavez. Amended Complaint (Docket No. 2) ¶¶160, 161, 106. Plaintiff asserts that the Doe Defendants caused him to be poisoned and denied him medical attention. Id. at 106. Plaintiff asserts that the Doe Defendants caused him to be transported to Lubbock, Texas over the next three days and ordered that he not be given food or water during that time Id.

**STANDARD OF LAW**

In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true. *Liebson v. New Mexico Corrections Dep't*, 73 F.3d 274, 275 (10th Cir. 1996). The inquiry for the court is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.* Moreover, in ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the Court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party. Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir.1998).

Plaintiff appears in this action *pro se*. Because he is proceeding *pro se*, this Court must review his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). This rule means that if

the Court can reasonably read the pleadings to state a valid claim on which Plaintiff can prevail, it should do so despite his failure to cite proper legal authority, his confusion of various legal theories, or his unfamiliarity with pleading requirements. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Nonetheless, the Court should not assume the role of advocate for the *pro se* litigant. Id.

**ANALYSIS**

In his prayer for relief, Plaintiff seeks compensatory damages and an injunction styled to protect his right to be free of malicious prosecutorial actions and "free from the threat of incarceration pending a final outcome of a case that would subject Complainant to incarceration". Plaintiff is, in fact, currently incarcerated. See Docket No. 278, Notice of Change of Address to Lea County Correctional Facility.

The Court agrees with Defendant Grant County Detention Center that the complaint fails to state a claim against it.  Liability cannot be established pursuant to 42 U.S.C. §1983 under a theory of *respondeat superior*. Dubbs v. Head Start, Inc., 336 F.3d 1194, 1217 (10th Cir. 2003) In order to hold Defendant Grant County Detention Center liable, Plaintiff must show that it directly caused the alleged constitutional violations by instituting a policy of some nature that was the moving force behind the violations. Pembaur v. City of Cincinnati, 475 U.S. 469, 480-85 (1986); City of Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1985). Plaintiff's complaint does not allege any policy or practice of Defendant Grant County Detention Center indicating that entities' approval of the poisoning of prisoners, the denial of medical care or of the denial of  food or water.

Plaintiff's claims against the John and Jane Doe Defendants must be dismissed as well for failure to state a claim upon which relief can be granted. While Plaintiff asserts that a conspiracy was formed and executed between Defendant Arnold Chavez and the Doe Defendants, he does not indicate the positions held by the Doe Defendants, other than linking them to the Grant County

Detention Center, and does not even give the number of individuals he asserts are involved in the conspiracy. While a complaint need not provide detailed factual allegations, the basis for relief in it must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do". Twombly, 127 S.Ct. at 1965 (2007). In pleading conspiracy, a plaintiff must allege "specific facts showing agreement and concerted action among [the alleged co-conspirators]." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.1994). "Conclusory allegations of conspiracy are insufficient to state a valid  §1983  claim." Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989). Thus, a plaintiff fails to state a claim for conspiracy absent specific facts showing a "meeting of the minds" among the alleged co-conspirators. See Hunt, 17 F.3d at 1268.

In response to the Motion to Dismiss, Plaintiff submitted a brief and a letter from his wife which he characterizes as a "third party statement of facts". Plaintiff also attached a page entitled "Written Eye-Witness Affidavit and Plaintiff's Affidavit to be Supplied" but did not submit such documents. Docket No. 135. The letter by Julie Avery Kirby contains no assertions regarding Defendant Arnold Chavez and does not identify any of the Doe Defendants. Rather, it states that on November 21, 2003 Julie Avery Kirby spoke to Plaintiff who told her he had vomited all night but had been made to clean up the mess and that "they instructed the transport team to give him nothing to eat or drink". Id. Julie Avery Kirby also states that she received a call from another inmate, who she does not identify, who told her Plaintiff had been poisoned and that when she called the Grant County Detention Center she was told that Plaintiff had been seen by an EMT team and later told that Plaintiff had merely been suffering from stomach cramps. Id.

Plaintiff's attempt to bolster his conclusory allegations in response to the motion to dismiss are unavailing, as the statement by Julie Avery Kirby is not based upon personal knowledge of facts that would show either a conspiracy,  a denial of medical care, or a deprivation of food and water

4

for three days. Accordingly, Defendants' Motion to Dismiss should be granted and the claim against the John and Jane Doe Defendants dismissed as well.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Docket No. 81) is granted and Plaintiff's claims against Defendants Grant County Detention Center and John and Jane Doe are dismissed.

_____

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**