**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**RICHARD G. KIRBY**,

    Plaintiff,

    v.                                      **NO. CIV 04-844  DJS/ACT**

**DALLAS COUNTY ADULT PROBATION DEPT.,**
*et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon the Defendants States Secret Service, Robert L. Webster, Charles J. Quinn, Jr. and Andrew Bazemore's Motion to Dismiss (Docket No. 171). Briefing on the motion is complete. By that motion, Defendants seek dismissal of the claims asserted against them in Plaintiff's First Amended Complaint (Docket No. 2). The parties have consented pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned conducting any and all proceedings in this case, including the entry of a final judgment.

Subsequent to the filing of this motion to dismiss, Defendants United States Secret Service, Robert L. Webster and Andrew Bazemore filed a separate, unopposed motion to dismiss (Docket No. 234) which the Court granted (Docket No. 282). Shortly after the unopposed motion to dismiss was filed, Plaintiff made his response (Docket No. 237) to the instant motion to dismiss, which now involves only Defendant Charles J. Quinn, Jr. (Defendant).

By his complaint and other pleadings in this case, Plaintiff seeks an injunction against

various Defendants to compel the restoration of his liberty and to provide him freedom from retaliation. He asserts that all the Defendants to this action, constituting some forty-six public entities, public officials, private citizens, and banks, have illegally restricted his business activities and assets as well as his business interests. Plaintiff also asserts claims pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988.

Plaintiff asserts that Defendant conspired with Defendant Gary Fulton of the Kansas Securities Division as well as other law enforcement Defendants to "get Kirby" on a criminal charge, charge him falsely with a crime, and to seize his property without at warrant. Amended Complaint (Docket No. 2) ¶¶95, 96. Plaintiff asserts that Defendant and other law enforcement Defendants conspired to perpetuate a sting operation against him and appears to assert that the operation was conducted despite those Defendants' knowledge that Plaintiff's conduct was legal. Id. at 97. Plaintiff further asserts that Defendant conspired with the United States Attorney's office in Wichita, Kansas to attempt to get a federal indictment against Plaintiff but that the charge was no billed. Id. at 99.

In the instant motion, Defendant argues that Plaintiff fails to state a claim against him, that any claims against him asserted are time barred, that the claims against him are barred by the doctrine of qualified immunity, and that the Court lacks personal jurisdiction over him. In addition, Defendant contends that the complaint should be dismissed for failure to comply with Fed.R.Civ.P. 8. The Court agrees that the claims against Defendant are untimely and must be dismissed for that reason without addressing Defendant's other arguments.

**STANDARD OF LAW**

In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true. Liebson v. New Mexico Corrections Dep't, 73 F.3d 274, 275 (10th Cir. 1996).

The inquiry for the court is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Id. Moreover, in ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the Court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party. Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir.1998). While the Court has broad discretion in determining whether to consider materials outside of the pleadings under Rule 12(b)(6), if it chooses to consider such material it must treat a motion to dismiss as a motion for summary judgment. See Lowe v. Town of Fairland, 143 F.3d 1378, 1381 (10th Cir.1998).

Plaintiff appears in this action *pro se*. Because he is proceeding *pro se*, this Court must review his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). This rule means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff can prevail, it should do so despite his failure to cite proper legal authority, his confusion of various legal theories, or his unfamiliarity with pleading requirements. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Nonetheless, the Court should not assume the role of advocate for the *pro se* litigant. Id.

**ANALYSIS**

In his prayer for relief, Plaintiff seeks compensatory damages and an injunction styled to protect his right to be free of malicious prosecutorial actions and "free from the threat of incarceration pending a final outcome of a case that would subject Complainant to incarceration".

Plaintiff is, in fact, currently incarcerated. See Docket No. 278, Notice of Change of Address to Lea County Correctional Facility. Defendant Charles J. Quinn, Jr. asserts that he retired from the United States Secret Service in January, 2000. For that reason, Plaintiff's request for injunctive relief is not available against Defendant Quinn; however, he might still seek damages against him.

Plaintiff may not bring a cause of action against Defendant pursuant to 42 U.S.C. §1983, as that statute applies to actions under color of state law. Rather, his claims that his constitutional rights were violated by Defendant's actions as a Secret Service Agent must be considered under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001)("The purpose of Bivens is to deter individual federal officers from committing constitutional violations."). Bivens is a judicially created remedy that does not have its own statute of limitations. Indus. Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir.1994). Therefore, analogous to §1983 actions, Bivens actions generally borrow the general personal injury limitations statute in the state where the action arose. Id. Plaintiff alleges actions by Defendant in Kansas and Kansas has a two year statute of limitations which applies to §1983 claims. Laurino v. Tate, 220 F.3d 1213, 1218 (10th Cir.2000). That statute of limitations should apply to the instant action, too.

Plaintiff does not address Defendant's statute of limitations claim in his response to the motion to dismiss, although he does attach a series of facsimile transmissions, apparently in response to Defendant's jurisdictional arguments. Those transmissions were made in 1999. See Docket No. 237, Exhibit A. Under federal law, the statute of limitations on a Bivens claim "begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Industrial Constructors, 15 F.3d at 969. "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed

to have accrued when the actions actually occur." Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir.1991). Defendant asserts that the first criminal investigation of Plaintiff which he participated in began in 1991 and concluded after a trial held in March, 1992. The second investigation of Plaintiff began in September, 1999 and was on-going when Defendant retired in January, 2000. Docket No. 172, Exhibit 2. Plaintiff was served with a grand jury subpoena in September, 2000. Docket No. 172, Exhibit 3. The instant action was not filed until July 27, 2004, well after Plaintiff was aware of the basis for the action and the time to file his claim had run. Consequently, the claims against Defendant are untimely and must be dismissed.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Docket No. 171) is granted and Plaintiff's claims against Defendant Charles J. Quinn, Jr. are dismissed.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**