IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD KIRBY,**

      **Plaintiff,**

vs.                                                      No. CIV 04-0844 DJS/ACT

**DALLAS COUNTY ADULT PROBATION DEPARTMENT**, **et al.**,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants Butler County Sheriff's Department, Randy Coffman, and Mike Tanner's Motion to Dismiss for Lack of Personal Jurisdiction **[Doc. No. 21]**. Defendants move the Court for dismissal of all claims by Plaintiff for lack of personal jurisdiction, asserting they have not had constitutionally sufficient, minimum contacts with this forum and the requirements of New Mexico's long-arm statute have not been met. Having reviewed the motion, the memoranda in support and in opposition, and the applicable law, the Court finds that the motion is well taken and will be **GRANTED**.

### I. Factual Background

Plaintiff's claims against these Defendant are set forth in Counts Thirty-Three and Thirty-Four of his First Amended Complaint and state as follows:

> **Court Thirty-Three**: The Complaint asserts that Defendants Chuck Quinn, Gary Fulton, Butler County Sheriffs Investigator Randy Coffman, Butler County Sheriff's deputy Mike Tanner, Defendant Bruce Kohl, Defendant James Maes, conspired with

the New Mexico State Police to charge Complainant with a crime that was false on the facts and seized Complainant's property without a warrant.

**Count Thirty-Four**: The Complaint asserts that Defendants Chuck Quinn, Gary Fulton, Butler County Sheriffs Investigator Randy Coffman, Butler County Sheriff's deputy Mike Tanner, Defendant Bruce Kohl, Defendant James Maes, conspired to perpetuate a sting operation against Complainant and solicited the assistance of a Kansas State Judge Hart and his wife. At all times during this sting operation the conspirators had knowledge of their wrongdoing, the ability to prevent injury to Complaint but failed to prevent it and continued the conspiracy to injure Complainant.

Compl. ¶¶96-97.[1]

Defendants presented additional facts regarding Plaintiff's claims. According to Defendants, some of Plaintiff's allegations against the Kansas Sheriff Defendants appear to arise out of an arrest in New Mexico in 1999. Plaintiff wrote a check to Parks Motors in Butler County, Kansas for a new pickup truck in May 1999. Defs.' Mem. Supp. Mot. to Dismiss; Murphy Aff. ¶3. Park Motors reported it as a bad check to the Butler County Sheriff's Department. Detective Coffman was assigned the case, and Deputy Tanner took the initial report from Parks Motor. Deputy Tanner also learned that Dallas County had an outstanding warrant for Plaintiff. *Id.*, Tanner Aff. ¶3. After unsuccessful attempts to collect on the check, in August and September, 1999, Detective Coffman entered the VIN and tag number of the truck into NCIC and issued a "BOLO" for the vehicle. *Id.*, Coffman Aff. ¶4. Detective Coffman also contacted Albuquerque Police Department and Bernalillo County Sheriff's Department by telephone to

---

[1] In his First Amended Complaint, Plaintiff titled his action as "Civil Action Pursuant to 42 U.S.C. §1983, 1985, 1986 & 1988." Compl. ¶60. Plaintiff alleges "deprivations of rights secured by the Constitution or federal law or actions under state law[.]" *Id.* It appears that Plaintiff also is alleging a conspiracy between the Kansas Sheriff's Department Defendants and New Mexico law enforcement to effectuate his false arrest and the alleged improper seizure of his pickup. However, Plaintiff makes only conclusory statements with no facts regarding how that conspiracy was effectuated between these parties.

follow-up on the New Mexico address Plaintiff listed on the Parks Motors paperwork. *Id*., Coffman Aff. ¶7.

On October 1, 1999, Detective Coffman turned the case over for prosecution for "theft by deception" and a Kansas warrant issued on November 3, 1999. *Id*., Coffman Aff. ¶13. On November 2, 1999, a New Mexico law enforcement officer stopped the truck. *Id*., Coffman Aff. ¶9. Plaintiff's wife was driving the truck on that day. New Mexico contacted the Butler County Sheriff's Department and spoke with Mike Tanner, who provided them with information regarding the outstanding Texas warrant. *Id.*, Tanner Aff. ¶5. The following morning New Mexico officers arrested Plaintiff on the Texas warrant. *Id.*, Coffman Aff. ¶11. The New Mexico officers also seized the truck. *Id.*, Coffman Aff. ¶¶9 -10. On November 26, 1999, a third- party paid Plaintiff's check to Parks Motors, and the truck was released to Plaintiff. *Id*., Coffman Aff. ¶14. Butler County Sheriff's Department continued to have telephone conversations with various New Mexico law enforcement organizations regarding Plaintiff through 2000. *Id.*, Coffman Aff. ¶7.

## II. Standard of Review

In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true. *Liebson v. New Mexico Corrections Dep't*, 73 F.3d 274, 275 (10th Cir. 1996). The inquiry for the court is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give

the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

Because Plaintiff is proceeding *pro se*, the Court construes his pleadings and filings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir.2003). Thus, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "it is not the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

### III. Discussion

In determining whether a federal court has personal jurisdiction over a defendant, the court must determine "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)(quotations omitted). "Because 42 U.S.C. §1983 does not, by itself, confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims, Fed.R.Civ.P. 4(k)(1)(A) refers [the Court] to the New Mexico long-arm statute,[2] which is

---

[2] New Mexico's long-arm statute provides, in pertinent part:

A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

(1) the transaction of any business within this state;
(2) the operation of a motor vehicle upon the highways of this state;

4

coextensive with constitutional limitations imposed by the Due Process Clause." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). "Thus, if jurisdiction is consistent with the Due Process Clause, then New Mexico's long-arm statute authorizes jurisdiction over a nonresident defendant." *Id.*

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant "so long as there exist minimum contacts between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559 (1980) (quotation omitted). The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a nonresident defendant "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quotations and citations omitted). When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state. *See Helicopteros*

---

(3) the commission of a tortious act within this state;
(4) the contracting to insure any person, property or risk located within this state at the time of contracting;
(5) with respect to actions for divorce, separate maintenance or annulment, the circumstance of living in the marital relationship within the state, notwithstanding subsequent departure from the state, as to all obligations arising from alimony, child support or real or personal property settlements under Chapter 40, Article 4 NMSA 1978 if one party to the marital relationship continues to reside in the state.

N.M.Stat.Ann. §38-1-16. Of the acts enumerated, only the first and third acts could potentially apply to this case.

*Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-16 & n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

Even if defendant's actions created sufficient minimum contacts, the court must still consider whether the exercise of personal jurisdiction over defendant would offend traditional notions of "fair play and substantial justice." *Burger King Corp*., 471 U.S. at 476, 105 S.Ct. 2174 (quotation omitted). This inquiry requires a determination of whether the district court's exercise of personal jurisdiction over defendant is reasonable in light of the circumstances surrounding the case. *Id*. at 477-78, 105 S.Ct. 2174.

Defendants assert that the only contacts they had with New Mexico consisted solely of telephone calls, teletypes, and faxes between Randy Coffman and Mike Tanner with various New Mexico law enforcement agencies regarding the investigations of Plaintiff and the pickup truck. Defendants argue they did not come to New Mexico, they did not arrest Plaintiff, and they did not seized his truck   Additionally, Defendants point out that the Butler County Sheriff's Department "does not have an office, bank account, telephone number or any other facility in New Mexico." Defs.' Mem. in Supp. Mot. Dismiss at 4.

Defendants' contacts with New Mexico are insufficient to established "minimum contacts"between Defendants and New Mexico. Plaintiff has not presented any act(s) by these Defendants showing Defendants purposefully availed themselves "of the privilege of conducting activities within [New Mexico], thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475, 105 S.Ct. at 2174.   Thus, the quantity and quality of contacts necessary to assert personal jurisdiction over these Defendants in compliance with due process are not present in this case. Accordingly, the Court will grant Defendants' motion to dismiss.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendants Butler County Sheriff's Department, Randy Coffman, and Mike Tanner's Motion to Dismiss for Lack of Personal Jurisdiction **[Doc. No. 21]** is **GRANTED.**

_____
**DON J. SVET**
**UNITED STATES DISTRICT JUDGE**