UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**RICHARD G. KIRBY**,

 Plaintiff,

 v.                 **NO. CIV 04-844  DJS/ACT**

**DALLAS COUNTY ADULT PROBATION DEPT.,**
*et al.*,

 Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon the Motion to Dismiss of Defendants Sixth Judicial District Attorney, Grant County; James B. Foy; Arnold Chavez; Mary Lynn Newell; Tim Garner; New Mexico Department of Regulation and Licensing, Securities Division; Bruce Kohl; James Maes; Third Judicial District Attorney, Doña Ana County; Tom Clark; Michael Cain; Ninth Judicial District Attorney, Curry County; and Randall Harris (Docket No. 20). Briefing on the motion is complete. (Docket Nos. 104, 163). By that motion, the above-listed Defendants ("New Mexico Defendants") seek dismissal of the claims asserted against them in Plaintiff's First Amended Complaint (Docket No. 2) on the grounds of Eleventh Amendment immunity, prosecutorial immunity, lack of service of process, and qualified immunity. The parties have consented pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned conducting any and all proceedings in this case, including the entry of a final judgment.

 By his complaint and other pleadings in this case, Plaintiff seeks an injunction against

1

various Defendants to compel the restoration of his liberty and to provide him freedom from retaliation. He asserts that all the Defendants to this action, originally constituting some forty-six public entities, public officials, private citizens, and banks, have illegally restricted his business activities and assets as well as his business interests. Plaintiff also asserts claims pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988.

Plaintiff identifies Defendant Jim Foy as the District Attorney of Grant County, Sixth Judicial District of New Mexico during times relevant to the complaint. Amended Complaint (Docket No. 2) ¶127. He identified Defendant Arnold Chavez as an investigator for the Sixth Judicial District District Attorney. Id. at ¶128. Plaintiff identifies Defendant Mary Lynn Newell as Defendant Foy's successor as District Attorney for the Sixth Judicial District of New Mexico. Id. at ¶129.  Plaintiff identifies Defendant Tim Garner as an Assistant District Attorney for the Sixth Judicial District. Id. at ¶130. He identifies Defendant Bruce Kohl as counsel and a supervisor for the New Mexico Securities Division and Defendant James Maes as an investigator for that division. Id. at ¶¶132, 133. Plaintiff identifies Defendants Tom Clark and Michael Cain as Assistant District Attorneys for the Third Judicial District, Doña Ana County, of New Mexico and seeks to bring a complaint against the District Attorney for that district as a John or Jane Doe defendant. Id. at ¶¶ 134-136.  Plaintiff identifies Defendant Randall Harris as the District Attorney of Curry County, Ninth Judicial District of New Mexico during times relevant to the complaint. Id. at ¶155.

With respect to these Defendants, Plaintiff asserts that they conspired with other Defendants to injure him and deprive him of rights under the constitution. Amended Complaint (Docket No. 2) ¶49. He generally claims that Defendants have been successful in restricting his business activities, assets, and cash flow and are seeking to incarcerate him until all cases are final. Id. at ¶56. Plaintiff goes on to allege that the Defendants attached to and including the New Mexico Securities Division

have engaged in selective, malicious or abusive prosecution because they manipulated investigations to conceal the truth and put forth a false picture of facts, as well as relied upon perjury. Id. at ¶¶ 78, 79. In addition, Plaintiff contends that the Grant County District Attorney's Office and the other Defendants associated with that office refused to investigate or charge Plaintiff's accountant for an alleged embezzlement and refused to investigate or charge Defendant Gene Crawford for stealing a computer and files from Plaintiff. Id. at ¶80, 84. Plaintiff makes the same claim against Defendants associated with the Doña Ana County District Attorney's office regarding his accountant, as well as asserting that they presented known false testimony to obtain Plaintiff's conviction on a charge of fraud by check. Id. at ¶81. Plaintiff asserts that Defendant Randall Harris conspired with other Defendants to file charges against him and sought a bond of three billion, two hundred million dollars in that proceeding, as well as conspiring to obtain an overly broad search warrant against him. Id. at ¶¶100, 102.

Defendants argue that they are variously entitled to Eleventh Amendment Immunity, prosecutorial immunity, and/or qualified immunity, and that the charges should be dismissed for lack of service of process.

**STANDARD OF LAW**

In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true. Liebson v. New Mexico Corrections Dep't, 73 F.3d 274, 275 (10th Cir. 1996). The inquiry for the court is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason

to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

Plaintiff appears in this action *pro se*. Because he is proceeding *pro se*, this Court must review his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). This rule means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff can prevail, it should do so despite his failure to cite proper legal authority, his confusion of various legal theories, or his unfamiliarity with pleading requirements. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Nonetheless, the Court should not assume the role of advocate for the *pro se* litigant. Id.

**ANALYSIS**

In his prayer for relief, Plaintiff seeks compensatory damages and an injunction styled to protect his right to be free of malicious prosecutorial actions and "free from the threat of incarceration pending a final outcome of a case that would subject Complainant to incarceration". Plaintiff is, in fact, currently incarcerated. See Docket No. 278, Notice of Change of Address to Lea County Correctional Facility.

**Heck v. Humphrey**

To the extent that Plaintiff seeks to avoid further incarceration or remove himself from prison, a writ of *habeas corpus* obtained pursuant to 28 U.S.C. §2254 or 28 U.S.C. §2241 is his sole route to relief. Heck v. Humphrey, 512 U.S. 477, 481 (1994). "*[H]abeas corpus* relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain future releases." Preisser v. Rodriguez, 411 U.S. 475, 487 (1973). To the extent that Plaintiff seeks such relief against these Defendants by virtue of his assertions that they made false statements or conspired against him, his claims will be denied and their motion to dismiss granted. The Court notes that in his response (Docket No. 104) to the motion to dismiss

Plaintiff alleges that "All parties are culpable of using the criminal process to assist in the collection of money...Kirby's Silver City transcript shows Kirby is innocent although convicted but on appeal...." Docket No. 104, p. 2.

"[W]hen a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Heck, 512 U.S. at 487. If he succeeded in his claims that Defendants made false claims against him or knowingly presented false testimony, the judgment obtained by Plaintiff would imply the invalidity of some of his criminal convictions and thus is barred under the doctrine set forth in Heck, *supra*. All of Plaintiffs' claims against Defendants Bruce Kohl and James Maes are barred under the Heck doctrine, as are nearly all of his claims against Defendant Arnold Chavez. However, Plaintiff's allegation that Defendant Chavez conspired with John and Jane Does of the Grant County Detention Center to poison him, deny him medical attention, and deny him food or water for three days (Amended Complaint, ¶106) does not call into question any criminal convictions and is not dismissed pursuant to the bar. Nonetheless, that claim must be dismissed.

As noted in another Memorandum Opinion and Order issued by the Court in this case (Docket No. 283), Plaintiff's assertion that Defendant Arnold Chavez engaged in a conspiracy with unnamed jail guards at the Ground County Detention Center fails to state a claim upon which relief can be granted. Plaintiff does not indicate the positions held by the Doe Defendants, other than linking them to the Grant County Detention Center and does not indicate what actions Defendant

Chavez is alleged to have taken to effect the conspiracy. While a complaint need not provide detailed factual allegations, the basis for relief in it must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do". Twombly, 127 S.Ct. at 1965 (2007). In pleading conspiracy, a plaintiff must allege "specific facts showing agreement and concerted action among [the alleged co-conspirators]." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.1994). "Conclusory allegations of conspiracy are insufficient to state a valid §1983 claim." Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989). Thus, a plaintiff fails to state a claim for conspiracy absent specific facts showing a "meeting of the minds" among the alleged co-conspirators. See Hunt, 17 F.3d at 1268.

**Prosecutorial Immunity**

Defendants James B. Foy, Mary Lynn Newell, Tim Garner, Tom Clark, Michael Cain and Randall Harris are entitled to prosecutorial immunity. In Imbler v. Pachtman, 424 U.S. 409 (1976), the Supreme Court held that a prosecutor is absolutely immune from a §1983 suit for damages based on his "initiating a prosecution and ... presenting the State's case." Imbler, 424 U.S. at 431. Here, Plaintiff's assertions regarding the prosecutors all stem from his arrest, investigation, and conviction or the decision not to investigate or prosecute other individuals. In none of these acts have the Defendants "stepped outside the role of prosecutor". Cf. Scott, 216 F.3d at 909 (Assistant county attorney never stepped outside of prosecutorial role in assisting physician in preparation of affidavit submitted in support of involuntary civil commitment petition, allegedly failing to fully investigate mental status of subject of petition, relying on medical records she knew or should have known were illegally obtained, and seeking to suppress evidence of political conflict between physician and subject). Consequently, they are entitled to dismissal on the basis of prosecutorial immunity.

**11th Amendment Immunity**

Plaintiff's claims against Defendants Sixth Judicial District Attorney, the New Mexico Department of Regulation and Licensing, Securities Division, the Third Judicial District Attorney, and the Ninth Judicial District Attorney, Curry County all are barred by the Eleventh Amendment of the Constitution. Plaintiff seeks to name the Third, Sixth, and Ninth Judicial District Attorneys' Offices and the Securities Division of the New Mexico Department of Regulation and Licensing as state entities or to name the District Attorneys in their official capacities. Amended Complaint, ¶¶ 126, 127, 129, 131, 134, and 155. A claim for retroactive monetary reimbursement asserted against state officials in their official capacities constitutes a suit for monetary damages against the state and is barred by sovereign immunity. Johns v. Stewart, 57 F.3d 1544, 1553-54 (10th Cir.1995). As Plaintiff's claims for injunctive relief fail in the face of the bar imposed by Heck, *supra*, all claims against individual Defendants in their official capacities must be dismissed.  Further, neither states nor state officers sued in their official capacities are "persons" within the meaning of 42 U.S.C. §1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989).

Defendants assert that the District Attorneys' offices are arms of the state and as such are entitled to immunity. The Eleventh Amendment has been interpreted to bar a suit by a citizen against the citizen's own State in Federal Court. AMISUB (PSL), Inc. v. Colorado Dep't of Soc. Servs., 879 F.2d 789, 792 (10th Cir.1989).  Further, the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies whether the relief sought is legal or equitable. Johns v. Stewart, 57 F.3d 1544, 1552 (10th Cir.1995).  "To make the determination whether an entity is an arm of the state we engage in two general inquiries." Watson v. University of Utah Med. Ctr., 75 F.3d 569, 574 (10th Cir.1996) (Quoted in V-1 Oil Co. V. Utah State Dept. Of Public Safety, 131 F.3d 1415, 1421 n. 1 (10th Cir. 1997)). "[T]he court first examines the degree of

autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state. Second the court examines the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing." V-1 Oil Co., 131 F.3d at 1421 n. 1 (quoting Haldeman v. Wyoming Farm Loan Bd., 32 F.3d 469, 473 (10th Cir.1994)). Defendants do not address this issue but the Court concludes that the Defendant district attorneys' offices are arms of the state. See N.M. Constitution Art. 6, §24 (Creation of office, authority); N.M. Constitution Art. 20, §2 (succession of office, appointment by governor); NMSA 1978 §36-1-18 (Setting for duties of district attorneys); NMSA 1978 §36-1-18 (District attorneys' duties to represent state and county). In sum, the Court agrees that the District Attorney Defendants in their official capacities, the Securities Division of the New Mexico Department of Regulation and Licensing, and the Defendant District Attorneys Offices are immune from suit and the claims against them must be dismissed as well.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Docket No 20) is granted and Plaintiff's claims against Sixth Judicial District Attorney, Grant County; James B. Foy; Arnold Chavez; Mary Lynn Newell; Tim Garner; New Mexico Department of Regulation and Licensing, Securities Division; Bruce Kohl; James Maes; Third Judicial District Attorney, Doña Ana County; Tom Clark; Michael Cain; Ninth Judicial District Attorney, Curry County; and Randall Harris are dismissed.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**