IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD G. KIRBY,

    Plaintiff,

vs.                                            Civil No. 1:04-cv-844 DJS/ACT

DALLAS COUNTY ADULT
PROBATION DEPARTMENT, et al.,

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff *pro se* Richard G. Kirby's "Motion to Vacate Doc. # 284 in Part and to Reinstate Claims 1, 2 & 13." [Doc. 301.] Because Plaintiff is *pro se*, the Court liberally construes his motion. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In this case, Plaintiff seeks to "reinstate" claims that previously have been dismissed. The Court therefore construes his motion as one to amend the complaint. For the reasons stated below, the motion is **DENIED**.

Background

Plaintiff filed this case in July 2004 against forty-six defendants, including public entities, public officials, prosecutors, private citizens, and banks for alleged violations of 42 U.S.C. §§ 1983, 1985, and 1986. By September 2008, the claims against all but two of the defendants had been dismissed. In October 2008, the Court, acting *sua sponte*, dismissed the claims against these two remaining defendants, who also were *pro se*. [Doc. 289.] Plaintiff appealed shortly thereafter. [Docs. 290, 293]. He filed the instant motion in July 2009, while the appeal was pending and the Court therefore lacked jurisdiction to consider it at that time. *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998). On March 16, 2010, the Tenth Circuit issued its mandate,

and an Order and Judgment affirming the district court orders. [Docs. 305, 306.]

Discussion

In his motion, Plaintiff states that his attempt to seek "review has concluded without addressing the issues" and he therefore requests claims 1, 2, and 13 "be reinstated and adjudicated." Documents attached to the motion appear to indicate that Plaintiff filed a Petition for Writ of Certiorari in the United States Supreme Court, and that the petition was denied as out-of-time. [Doc. 301 at 4.]

The Court will not allow Plaintiff to amend his complaint at this late date to "reinstate" claims previously dismissed. Counts 1 and 2, which Plaintiff seeks to "reinstate," are claims for "specific performance" against Assistant United States Attorney Robert L. Webster. [Doc. 2 at 15–16.] Plaintiff voluntarily dismissed claims against Robert L. Webster without prejudice on September 30, 2008, reportedly to seek a "*coram nobis.*" [Docs. 234, 282.]

Leave to amend should be granted "when justice so requires." Fed.R.Civ.P. 15(a)(2). The Court does not believe that justice requires it to resurrect a case that has largely been dismissed and affirmed on the merits so that Plaintiff may reinstate claims against a single defendant nearly four years after agreeing to dismiss them. Furthermore, the Tenth Circuit opinion affirming this Court's rulings with respect to the absolute prosecutorial immunity enjoyed by other prosecutor defendants suggests the claims against AUSA Webster may be similarly barred.[1] Under these circumstances, the Court declines to allow Plaintiff leave to "reinstate" counts 1 and 2 against Defendant Webster in this case.

Count 13, which Plaintiff also seeks to "reinstate," is a claim for declaratory and injunctive

---

[1] Because the claims against AUSA Webster were dismissed without prejudice, the Court does not, however, decide the issue.

relief to prohibit "any federal or state court, any district attorney or any United States Attorney [from] seeking enhancement" if Plaintiff is convicted in criminal proceedings. [Doc. 2 at 21.] This Court has previously considered Plaintiff's claims for injunctive relief on the merits and denied them. [Doc. 257, 284.] The Tenth Circuit affirmed those rulings. [Doc. 277, 305, 306.] The Court will not permit Plaintiff to "reinstate" claims that have already been ruled meritless.

The "Motion to Vacate Doc. # 284 in Part and to Reinstate Claims 1, 2 & 13" [Doc. 301] is **DENIED.**

_____
**DON J. SVET**
**United States Magistrate Judge**
**Presiding by Consent**